John A. Schena (SBN 269597)
Willam F. Small (SBN 253443)
SMALL & SCHENA LLP
1350 Columbia St., Suite 700
San Diego, California 92101
Telephone:  (619) 430-4793
Facsimile:   (619) 664-4278
Attorneys for Plaintiff
DERIC METZGER, d/b/a DEMER JEWELRY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIC METZGER, an individual, d/b/a DEMER JEWELRY,<br><br>Plaintiff,<br><br>v.<br><br>TEMPLE OF THE ANCIENT DRAGON, INC., a Michigan corporation; TOM ERIK RASPOTNIK, an individual; and CINDY RASPOTNIK, an individual,<br><br>Defendants. | Case No. **'16 CV 1299 WQH NLS**<br><br>**COMPLAINT FOR: TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; COMMON LAW UNFAIR COMPETITION; STATUTORY UNFAIR COMPETITION; FEDERAL TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

//

1
COMPLAINT

Plaintiff DERIC METZGER d/b/a DEMER JEWELRY (at times "Plaintiff" or "Metzger")) for his claims for relief against Defendants TEMPLE OF THE ANCIENT DRAGON, INC., TOM ERIK RASPOTNIK, and CINDY RESPOTNIK (collectively "Defendants") alleges as follows:

## I. NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff Deric Metzger is a global leader in the design and manufacture of custom designed jewelry having won a significant number of awards for CAD/CAM related design.

2. Plaintiff Metzger has operated his jewelry design business under the fictitious business name DeMer Jewelry since January 2000.

3. Plaintiff Metzger is the owner of the trademark "DEMER," as formally registered with the United States Patent and Trademark Office ("USPTO") on September February 11, 2014, Serial Number 85974661, Registration Number 4,480,782.

4. This action arises out of Defendants' marketing, advertising and sale of goods in the custom jewelry field using the identical term "DEMER." By advertising and marketing its goods under the "DEMER" name, Defendants have committed federal trademark infringement, false designation of origin, federal trademark dilution and unfair competition.

5. Furthermore, Defendants are in the regular practice of directly copying pictures and images of custom jewelry Plaintiff has undertaken hard work and labor to design and thereafter marketing for sale and offering the branded products for sale as their own, without so much as altering the picture or removing the identifying branding of "DEMER" from the image. As a result, Defendants' use of "DEMER" constitutes willful trademark infringement and/or willful dilution of Plaintiff's mark.

6. Prior to filing this action, Plaintiff notified Defendants of their ownership of the "DEMER" trademark rights and requested Defendant cease uses of

its practice of directly copying pictures and images of custom jewelry Plaintiff has designed, but Defendants have refused and to date continue to market and advertise pictures of product for sale with the "DEMER" mark as well as continuing to directly copy pictures and images of Plaintiff's custom jewelry. As a result, Defendants' use of "DEMER" constitutes willful trademark infringement and/or willful dilution of Plaintiff's mark.

7. By filing this action, Plaintiff seeks provisional and permanent injunctive relief enjoining Defendants from any further marketing of itself or its products bearing the mark "DEMER," enjoinment of Defendants' practice of copying Plaintiff's custom jewelry design and images to pass off as their own, and further seeks damages, including treble damages, resulting from Defendants' wrongful actions.

8. Plaintiff has filed for copyright registration on approximately two dozen jewelry designs that Defendants have infringed within the last twelve months and will amend this Complaint to include claims for relief under copyright law upon receiving registration numbers.

## II. JURISDICTION AND VENUE

9. This Complaint arises under §§ 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), as amended, and the statutory and common laws of the State of California.

10. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has related claim jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

11. This Court has specific jurisdiction over Defendants as their intentional acts intentionally directed at this jurisdiction and individuals in this jurisdiction including Plaintiff purposefully availed themselves to this jurisdiction, the claims arise out of forum-related activities, and the exercise of jurisdiction is reasonable.

On information and belief, Defendants conduct business within this forum to satisfy general jurisdiction. The business Defendants conduct includes advertising on the internet directed to this jurisdiction, sales within this jurisdiction, and commercial threats to Plaintiff within this jurisdiction.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is subject of the action is situated in this district.

### III.   PARTIES

13. Plaintiff Deric Metzger is an individual residing within this judicial jurisdiction. Plaintiff Metzger operates his business under the fictitious business name DeMer Jewelry operating out of Carlsbad, California.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendant Temple Of The Ancient Dragon, Inc. is a corporation organized and existing under the law of the State of Michigan, with its principal place of business at 336 W First St, Ste 113, Flint, MI 48502. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Temple Of The Ancient Dragon is doing business, marketing and advertising in the State of California, within this judicial district.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant Tom Erik Raspotnik is an individual residing in Flint, Michigan. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Tom Erik Raspotnik is doing business, marketing and advertising in the State of California, within this judicial district.

16. Plaintiff is informed and believes, and on that basis alleges, that Defendant Cindy Rapotnik is an individual residing in Flint, Michigan. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Cindy

//

Raspotnik is doing business, marketing and advertising in the State of California, within this judicial district.

17. On information and belief Tom Erik Raspotnik and Cindy Raspotnik are married and together operate Temple Of The Ancient Dragon, Inc. for their own benefit.

### IV.   COMMON ALLEGATIONS FOR ALL CLAIMS

18. Plaintiff has been involved in the jewelry industry since 1999. In total, Plaintiff holds the following degrees and industry recognition certificates: Graduate Gemologist, Graduate Jeweler, Graduate Jeweler Gemologist with Design and Wax, Applied Jewelry Arts, Advanced CAD/CAM, Diamond Extension, and Accredited Jewelry Professional degrees.

19. Plaintiff is an internationally-known leader in the design and manufacture of custom jewelry. Plaintiff advertises, markets and distributes products under the federally-registered and trademarked name "DEMER." Plaintiff has spent significant time and expense developing extensive goodwill in its trademark within the industry and its clientele.

20. Plaintiff spends on average four days of work for each custom designed piece and on some pieces Plaintiff has spent months to ensure proper quality, design, and achieve the uniqueness that his clientele expects.

21. Plaintiff is the owner of an active federal trademark registration for the "DEMER" mark, Registration Number 4,480,782, registration date February 11, 2014, as well as nationwide common law trademark rights for the "DEMER" mark.

22. Prior to the wrongful acts of Defendant complained herein, Plaintiff has for many years continuously marketed, advertised, and offered for sale, and sold, a variety of jewelry and jewelry products bearing the "DEMER" mark. Plaintiff also uses the "DEMER" mark to identify the corporate website and attract internet visits through search engines. Plaintiff's "DEMER" mark has played a significant role in the corporation's success.

23. Plaintiff markets and advertises his services and products in print, online and through other media. In its marketing and advertising, Plaintiff uses his trademark "DEMER" to attract and maintain clientele interested in custom jewelry.

24. Plaintiff's "DEMER" mark, by virtue of its substantial use and promotion, has acquired great value as an identifier of Plaintiff's products, distinguishing Plaintiff from other jewelry designers, manufacturers, and providers.

25. As a result of Plaintiff's extensive advertising, it is readily recognized in the industry and distinguished from other jewelry designers, manufacturers, and providers by the "DEMER" trademark.

26. Plaintiff expends great time, energy and cost designing unique and custom jewelry to offer for sale to the public. Plaintiff advertises the custom jewelry for sale on his website, Facebook, Twitter, Etsy, and various other social media accounts. Plaintiff's advertisements are often, if not always, accompanied by a picture of the product for sale which often the "DEMER" mark branded directly upon or in the jewelry.

27. As stated, Plaintiff's products are not inexpensive costume jewelry but instead are unique pieces he expends significant time and energy designing. The prices generally range from several thousand dollars per piece to over ten thousand dollars per piece. The expense of Plaintiff's products is a result of both the quality and the goodwill built up within the industry.

28. Plaintiff is informed and believes, and on that basis alleges, that in 2014, Defendants began directly lifting images of Plaintiff's custom works from his online advertising and offering for sale Plaintiff's products, or unauthorized knock-offs of Plaintiff's products and designs, through the online media accounts of Temple of the Ancient Dragon, Tom Erik Raspotnik, and Cindy Raspotnik.

29. Plaintiff is informed and believes, and on that basis alleges, that the images Defendants have used to sell jewelry are exact copies of images Plaintiff has previously posted of his custom designs. Often, the images Defendant uses contains

the federally-registered "DEMER" mark despite Defendants having no connection to Plaintiff or his business. Defendants use of Plaintiff's designs and the "DEMER" mark has occurred under the unique social media and advertising pages of each Defendant.

30. The infringement of Plaintiff's designs and trademarks by Defendants is rampant. The following three examples are illustrations of the more than dozens of cases of infringement Plaintiff has uncovered:

    a. Exhibit A is a picture of Plaintiff's piece styled Celtic, European, solid 18 kt, 2-tone and diamond large supernatural pentagram pendant for sale for $3,470 on the DeMer Jewelry Website. The piece contains the trademark "DEMER" on the clasp. Also on Exhibit A is the exact same picture, containing the trademark "DEMER" on the clasp, for sale on Defendants' "youshop" website for sale for $499.99, alleging that it is custom made. Defendants copied the picture, design, and trademark without authorization.

    b. Exhibit B is a picture of Plaintiff's piece styled Underworld Lucian's Amulet Revised for sale for $5,064 on the DeMer Jewelry Website. Also on Exhibit B is the exact same picture and design from Defendant Tom Erik Raspotnik's Facebook Page for sale for $5,900. Defendants copied the picture and design without authorization.

    c. Exhibit C is a picture of Plaintiff's piece styled Dracula Voivode Black Cross 14kt Heavy Gold European Gold Skull for sale for $1,935 on the DeMer Jewelry Etsy website. Also on Exhibit C is the exact same picture and design from Defendant's "youshop" website for sale for $239.99. Defendants copied the picture and design without authorization.

31. Plaintiff has contacted Defendant Tom Erik Raspotnik multiple times and requested that he ceases and desists from using Plaintiff's images, custom

designs, and other marks, but Defendant has ignored Plaintiff's requests and has instead continued to infringe upon Plaintiff's rights.

32.  In fact, Defendant Tom Erik Respotnik has acknowledged the use of Plaintiff's designs but has claimed that he is legally-entitled to use the images, marks, and designs to produce products for his benefit and the benefit of the other defendants.

33.  Plaintiff is informed and believes, and on that basis alleges, that Defendants' continued use of the mark "DEMER" in marketing and advertising is designed to cause confusion, mistake, or deception amongst consumers and the industry, and lead to increased activity on Defendants' websites based upon Plaintiff's goodwill.

34.  By virtue of their acts and conduct alleged above, Defendants have created injury to Plaintiff's business, caused by a likelihood of confusion as to the source of origin and sponsorship of Defendants' goods and have otherwise competed unfairly with Plaintiff.  Such likelihood of confusion includes but is not limited to confusion of consumers and the general public that Defendants' products, which are copies of Plaintiff's images and advertised using the "DEMER" mark are somehow connected with Plaintiff and his brand.

35.  Plaintiff has filed for copyright protection with the United States Copyright Office for protection of more than one dozen of its designs that have been infringed upon and fabricated by Defendants.  Upon receipt of the registration numbers, Plaintiff will amend this Complaint to include claims of relief for protection under the copyright regime.

36.  Defendants acts and conduct alleged above have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial.  Said acts and conduct will result in further damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights, for which Plaintiff has no remedy at law.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR TRADEMARK INFRINGEMENT

37. The allegations of the preceding paragraphs are repeated and re-alleged as though set forth fully herein.

38. This is a claim for trademark infringement pursuant to 15 U.S.C. § 1051 et seq.

39. Plaintiff is informed and believes, and on that basis alleges that Defendants' use in interstate commerce of the mark "DEMER" on its website, in its marketing, in its advertisements, and on its products is likely to cause confusion, to cause mistake or to deceive customers as to the affiliation, connection or association with the "DEMER" trademark of Plaintiff. By the foregoing acts, and continued use of the "DEMER" mark, Defendants have infringed Plaintiff's federally-registered "DEMER" trademark in violation of 15 U.S.C. § 1114.

40. Plaintiff is informed and believes, and on that basis alleges, that Defendants have acted willfully, with intent to trade upon the goodwill and reputation of Plaintiff, and with the intent to cause confusion, to cause mistake or to deceive consumers.

41. Plaintiff is entitled to all of the remedies available under the Lanham Act, including actual damages, and an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

42. Defendants' acts, as alleged above, have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR FALSE DESIGNATION OF ORIGIN

43. The allegations of the preceding paragraphs are repeated and re-alleged as though set forth fully herein.

44. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

45. Plaintiff is informed and believes, and on that basis alleges, that Defendants' use in interstate commerce of the mark "DEMER" to market and sell services and products constitutes a false designation of origin, and a false description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Plaintiff's goods and Defendants' goods and services. By these acts, Defendants have infringed Plaintiff's federally-registered and common-law trademark in violation of 15 U.S.C. § 1125(a).

46. Defendants' activities are likely to lead the public to conclude incorrectly that Defendants' products and services are produced or otherwise associated with Plaintiff or his products or brand to the harm of Plaintiff and consumers.

47. Plaintiff is informed and believes, and on that basis alleges, that Defendants have acted willfully, with the intent to trade upon the goodwill and reputation of Plaintiff, and with the intent to cause confusion, to cause mistake or to deceive customers.

48. Plaintiff is entitled to all of the remedies available under the Lanham Act, including actual damages and an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

49. Defendants' acts, as alleged above, have caused irreparable injury to Plaintiff in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR STATUTORY UNFAIR COMPETITION

50. The allegations of the preceding paragraphs are repeated and re-alleged as though set forth fully herein.

51. This is a claim for unfair competition arising under CAL. BUS. & PROF. CODE § 1720 *et seq.*

52. By reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the public or have misled or deceived the public and have thus unfairly competed with Plaintiffs in violation of CAL. BUS. & PROF. CODE § 1720 *et seq.*

53. Plaintiff is entitled to all remedies available under CAL. BUS. & PROF. CODE § 1720 including restitution, disgorgement, and injunctive relief.

54. By reason of Defendants' actions, Defendants have irreparably injured Plaintiff and the consumer recognition and goodwill associated with Plaintiff's products, and such injury will continue unless enjoined by this Court.

## FOURTH CLAIM FOR COMMON LAW UNFAIR COMPETITION

55. The allegations of preceding paragraphs are repeated and re-alleged as though set forth fully herein.

56. This is a claim for common law unfair competition under the common law of the State of California.

57. By reason of the foregoing acts, Defendants have unfairly competed with Plaintiff in violation of the common law of the State of California.

58. Defendants' acts, as alleged above, have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR TRADEMARK DILUTION

59. The allegations of the preceding paragraphs are repeated and re-alleged as though set forth fully herein.

60. This is a claim for trademark infringement dilution to 15 U.S.C. § 1125(c).

61. Based on Plaintiff's extensive advertising, promotion and marketing, Plaintiff's federally-registered "DEMER" mark has become widely recognized by the consuming public of the United States as a designation of the source of products and services provided by Plaintiff.

62. Plaintiff's federally-registered "DEMER" mark became famous prior to Defendants' use of the identical mark in marketing, advertising and on its websites.

63. Defendants' use of the mark "DEMER" is likely to cause dilution by blurring, creating a likelihood of association between Plaintiff's famous "DEMER" mark and Defendants' products advertised bearing the "DEMER" mark.

64. Defendants' use of the mark "DEMER" is likely to impair the distinctiveness of Plaintiff's "DEMER" mark.

65. In violation of 15 U.S.C. § 1125(c), Defendants willfully intended to trade upon or harm the recognition and reputation of Plaintiff.

66. Plaintiff in entitled to all of the remedies available under the Lanham Act, including injunctive relief, an accounting of Defendant's profits, treble damages, costs and attorney's fees.

## VI. PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff Deric Metzger prays for judgment jointly and severally against Defendants as follows:

### First Claim of Relief

1. That Plaintiff's "DEMER" mark be deemed valid and willfully infringed by Defendants in violation of 15 U.S.C. § 1114 *et seq*.;

2. That Defendants be required to account to Plaintiff for any and all profits derived by it by reason of Defendants' acts complained herein;

3. The Defendants be ordered to pay to Plaintiff all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

4. That such damages and profits be trebled and awarded to Plaintiff pursuant to 15 U.S.C. § 1117;

5. That Defendants be ordered to pay to Plaintiff attorney's fees and costs; and

6. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

    a. Manufacturing, selling distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "DEMER";

    b. Otherwise infringing Plaintiff's trademark rights; and

    c. Causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products.

## Second Claim of Relief

1. That Defendants be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of their products;

2. That Defendants be required to account to Plaintiff for any and all profits derived by it by reason of Defendants' acts complained herein;

3. The Defendants be ordered to pay to Plaintiff all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

4. That such damages and profits be trebled and awarded to Plaintiff pursuant to 15 U.S.C. § 1117;

5. That Defendants be ordered to pay to Plaintiff attorney's fees and costs; and

6. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

//

  a. Manufacturing, selling distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "DEMER";

  b. Otherwise infringing Plaintiff's trademark rights;

  c. Falsely designating the origin of Defendants' products and services; and

  d. Causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products.

### Third Claim of Relief

1. That Defendants be adjudged to have unfairly competed with Plaintiff under CAL. BUS. & PROF. CODE § 1720 *et seq.*;

2. That Defendants be required to account to Plaintiff for any and all profits derived by it by reason of Defendant's acts complained herein;

3. The Defendants be ordered to pay to Plaintiff restitution to restore Plaintiff any lost profits and to deter future misconduct by Defendants;

4. That Defendants be ordered to pay to Plaintiff attorney's fees and costs; and

5. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to CAL. BUS. & PROF. CODE § 1720 *et seq*, from:

  a. Manufacturing, selling distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "DEMER";

  b. Otherwise infringing Plaintiff's trademark rights; and

  c. Causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products.

//

**Fourth Claim of Relief**

1. That Defendants be adjudged to have unfairly competed with Plaintiff under the common law of the State of California;

2. That Defendants be required to account to Plaintiff for any and all profits derived by it by reason of Defendants' acts complained herein;

3. The Defendants be ordered to pay to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial;

4. That Defendants be ordered to pay to Plaintiff's attorney's fees and costs; and

5. That Plaintiff recovers punitive damages pursuant to CAL. CIVIL CODE § 3294.

**Fifth Claim of Relief**

1. That Defendants be adjudged to have violated the provisions of 15 U.S.C. § 1125(c) by diluting the value of Plaintiff's trademark;

2. That Defendant be required to account to Plaintiff for any and all profits derived by it by reason of Defendant's acts complained herein;

3. The Defendant be ordered to pay to Plaintiff all damages which he has sustained as a consequence of the acts complained herein, subject to proof at trial;

4. That Defendant be ordered to pay to Plaintiff attorney's fees and costs; and

5. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1125(c), from:

    a. Manufacturing, selling distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark

"DEMER"; and

    b. Otherwise infringing Plaintiff's trademark rights.

### On All Claims of Relief

1. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of any injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with such injunction;

2. For $500,000 in general damages;

3. That Plaintiff be awarded his costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, CAL. BUS. & PROF. CODE § 1720 *et seq.*, and as otherwise provide by law; and

4. That the Court award such other and further relief as it may deem just.

Dated:  May 31, 2016                    SMALL & SCHENA LLP

By: s/ John Schena
     John Schena, Esq.

Attorneys for Plaintiff Deric Metzger

### DEMAND FOR JURY TRIAL

Plaintiff Deric Metzger. hereby demands trial by jury in this action.

Dated:  May 31, 2016                    SMALL & SCHENA LLP

By: s/ John Schena
     John Schena, Esq.

Attorneys for Plaintiff Deric Metzger